**In re Gina M. GALLICK, Debtor.**

**Gina M. Gallick, Plaintiff,**

**v.**

**United States Department of Education, Defendant.**

**Bankruptcy No. 99–23342–JKF. Adversary No. 01–2203.**

United States Bankruptcy Court, W.D. Pennsylvania.

May 15, 2003.

Francis E. Corbett, Esquire, Pittsburgh, PA, for Debtor.

Jessica L. Smolar, Esquire, Pittsburgh, PA, for U.S. Department of Education.

## MEMORANDUM OPINION [1]

JUDITH K. FITZGERALD, Chief Judge.

Before the court is the U.S. Department of Education's Motion to Dismiss Debtor's Complaint under Fed.R.Civ.Pro. 12(b)(1) for lack of subject matter jurisdiction and Fed.R.Civ.Pro 12(b)(6) for failure to state a claim upon which relief can be granted,

---

**1.** The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

both of which apply by virtue of Fed. R.Bankr.Pro. 7012(b). Debtor seeks a determination that her student loan debt is dischargeable. The sole basis for Debtor's assertion is that the U.S. Department of Education failed to timely file a proof of claim. In fact, the Debtor expressly disclaims relying on the undue hardship provision contained in 11 U.S.C. § 523(a)(8) in her attempt to discharge her student loan debt. It is undisputed that the Department did in fact fail to file a timely Proof of Claim. However, on April 4, 2002, an Order was entered granting the United States Department of Education's Motion to Allow Proof of Claim out of Time.

■ Even if the Department of Education had not been permitted to file a late proof of claim, the failure to file does not affect the dischargeability of the debt. Rather, the failure to file a proof of claim means only that the creditor may not share in the distribution of assets from the estate. In *Judd v. Wolfe*, 78 F.3d 110 (3rd Cir.1996), the Court of Appeals stated: "For most creditors, the fundamental right enjoyed in bankruptcy is the right to file a proof of claim because filing a claim is obviously necessary in order to participate in the distribution of the estate's assets." Consistent with this, Federal Rule of Bankruptcy Procedure 3002(a) provides that an unsecured creditor must file a proof of claim for the claim to be allowed, with certain stated exceptions not relevant in this action. However, failure to follow the proper procedure with respect to filing claims does not affect the clear statutory language of 11 U.S.C. § 523 making certain debts nondischargeable. "Failure to file a proof of claim simply precludes a creditor from participating in the voting or distribution from the debtor's estate." *In re Loving*, 269 B.R. 655 (Bankr.S.D.Ind. 2001). In *Loving*, a case analogous to this one where the student loan creditor failed to file a timely proof of claim, there was nothing to prevent the creditor from collecting on its nondischargeable debt outside of bankruptcy. 269 B.R. at 662. Thus, the Department's failure to file a timely proof of claim would not effect the determination of dischargeability of the Debtor's student loan debt.

■ The Chapter 13 discharge found at 11 U.S.C. § 1328(a)(2) specifically excepts student loans from discharge absent undue hardship. See 11 U.S.C. § 523(a)(8). *In re Faish*, 72 F.3d 298 (3rd Cir.1995), *cert. denied*, 518 U.S. 1009, 116 S.Ct. 2532, 135 L.Ed.2d 1055, *reh'g denied*, 518 U.S. 1047, 117 S.Ct. 24, 135 L.Ed.2d 1118 (1996), provides that in order to demonstrate undue hardship, the debtor must satisfy each of the following elements: (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for student loans; and (3) that the debtor has made good faith efforts to repay the loans. 72 F.3d at 304, 305. The burden of establishing each element squarely falls on the debtor. 72 F.3d at 306. Debtor here does not allege an undue hardship and in fact, concedes that her legal theory is not based on undue hardship. Likewise, there are no facts of record to support such a conclusion. On the contrary, the record suggests that this debt can be paid.[2] Taking judicial notice

2. Schedule I—Current Income of Individual Debtor(s) shows a total combined monthly income for both the Debtor and her spouse of $5,191.96. Schedule J—Current Expenditures of Individual Debtors shows total monthly expenses of $2,355.94. This leaves a significant amount of excess income

of the Debtor's financial condition as disclosed in the bankruptcy schedules, this Court finds that repayment of the student loan debt would not impose an undue hardship on the Debtor or the Debtor's dependents.

Count I of the Adversary Complaint seeks temporary and permanent injunctions prohibiting the Department from taking any actions to collect the debt outside of bankruptcy. However, when a debt is nondischargeable, the creditor's remedy is to collect any portion of the debt that remains unpaid after a discharge has been granted. Count I, therefore, must be dismissed for failure to state a claim upon which the requested relief can be granted.

Count II of the Adversary Complaint must be dismissed as well. Because the Debtor has not alleged that the debt would impose an undue hardship, the Debtor has failed to state a claim upon which the requested relief can be granted.

Count III of the Adversary Complaint requests a determination that the Department does not have an allowable claim and that Debtor has no further liability to the Department because it failed to comply with Fed.R.Bankr.Pro. 3002(c). As stated above, a creditor must comply with this rule if it seeks to take part in the distribution under the plan. Because this failure will not transform a non-dischargeable debt into a dischargeable one, the relief requested in Count III cannot be granted. This Count must also be dismissed.

The Court notes that in the normal course, a debtor would be given an opportunity to amend the Plan in order to provide for payment within the bankruptcy. However, on July 16, 2002, an order was entered closing the bankruptcy case.

($2,836.02), yet Debtor's plan payments are

Accordingly, the Department of Education's motion to dismiss will be granted and the Adversary proceeding closed.